**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHAEL MOICZEK,
an individual,                                          Case No.:

        Plaintiff,

v.

FITNESS INTERNATIONAL, LLC,
d/b/a LA FITNESS,
a foreign limited liability company,

        Defendant.

_____/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, MICHAEL MOICZEK (hereinafter, "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, FITNESS INTERNATIONAL, LLC, d/b/a LA FITNESS (hereinafter, "Defendant"). In support thereof, Plaintiff alleges:

## INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Telephone Consumer Protection Act, 47 United States Code, Section 227 *et seq.* (hereinafter, the "TCPA").

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3), 28 United States Code, Section 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United States Code, Section 1367.

2.    Venue in this District is proper because Defendants transact business in this District and the conduct complained of occurred in this District.

3.      At all material times herein, the conduct of Defendant, complained of below, occurred in Pinellas County, Florida.

4.      At all material times herein, Plaintiff is an individual residing in Pinellas County, Florida.

5.      Defendant is a foreign limited liability company existing under the laws of the state of California, that, itself and through its subsidiaries, regularly extends health and fitness services to consumers throughout the country, and more specifically, in Pinellas County, FL.

## GENERAL ALLEGATIONS

6.      At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(3).

7.      At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(2).

8.      At all material times herein, Defendant attempts to collect an unknown third-party's debt, specifically, gym membership fees allegedly owed by Plaintiff (hereinafter, "Debt").

9.      At all material times herein, Plaintiff and Defendant have never had a contractual relationship that would require Plaintiff to pay any fees to Defendant, especially not membership fees.

10.      At all material times herein, the Defendant is a "person" subject to Florida Statutes, Section 559.72.  *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

11.      At all material times herein, the Debt was a consumer debt, an obligation allegedly resulting from a transaction for goods or services and was incurred primarily for personal, household, or family use.

2

12.     At all material times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(5).

13.     At all material times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

14.     All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

15.     Defendant's telephone calls, as more specifically alleged below, were made to Plaintiff's cellular telephone number 727.678.6118 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

16.     Plaintiff is the owner, regular user, and possessor of a Cellular Telephone with the assigned number 727.678.6118.

17.     At no time herein did Defendants have Plaintiff's prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

18.     Plaintiff and Defendant have no contractual relationship whatsoever which could result in Plaintiff giving Defendant his prior express consent for such telephone calls to his Cellular Telephone in an attempt to collect the Debt.

19.     All of the below-referenced calls were made in an attempt to collect the alleged Debt from Plaintiff.

20.     On or about June 21, 2013, at approximately 10:42 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

21.     The immediately-aforementioned call was placed from telephone number 609.816.9334 and was made in an attempt to collect the Debt.

22.     On or about June 21, 2013, at approximately 1:16 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

23.     The immediately-aforementioned call was placed from telephone number 609.816.9334 and was made in an attempt to collect the Debt.

24.     On or about June 21, 2013, at approximately 3:49 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

25.     The immediately-aforementioned call was placed from telephone number 609.816.9334 and was made in an attempt to collect the Debt.

26.     On or about June 21, 2013, at approximately 4:09 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

27.     The immediately-aforementioned call was placed from telephone number 609.816.9334 and was made in an attempt to collect the Debt.

28.     On or about June 23, 2013, at approximately 1:00 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

29.     The immediately-aforementioned call was placed from telephone number 609.816.9334 and was made in an attempt to collect the Debt.

30.     On or about June 23, 2013, at approximately 3:42 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

31.     The immediately-aforementioned call was placed from telephone number 609.816.9334 and was made in an attempt to collect the Debt.

32.     On or about June 24, 2013, at approximately 3:30 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

33. The immediately-aforementioned call was placed from telephone number 609.816.9334 and was made in an attempt to collect the Debt.

34. On or about June 24, 2013, at approximately 4:10 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

35. The immediately-aforementioned call was placed from telephone number 609.816.9334 and was made in an attempt to collect the Debt.

36. On or about June 24, 2013, at approximately 8:54 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

37. The immediately-aforementioned call was placed from telephone number 609.816.9334 and was made in an attempt to collect the Debt.

38. On or about June 24, 2013, at approximately 11:13 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

39. The immediately-aforementioned call was placed from telephone number 609.816.9334 and was made in an attempt to collect the Debt.

40. On or about June 25, 2013, at approximately 8:42 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

41. The immediately-aforementioned call was placed from telephone number 609.816.9334 and was made in an attempt to collect the Debt.

42. On or about June 25, 2013, at approximately 10:04 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

43. The immediately-aforementioned call was placed from telephone number 609.816.9334 and was made in an attempt to collect the Debt.

44. On or about June 25, 2013, at approximately 10:36 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

45.     The immediately-aforementioned call was placed from telephone number 609.816.9334 and was made in an attempt to collect the Debt.

46.     On or about June 25, 2013, at approximately 11:45 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

47.     The immediately-aforementioned call was placed from telephone number 609.816.9334 and was made in an attempt to collect the Debt.

48.     On or about June 25, 2013, at approximately 2:32 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

49.     The immediately-aforementioned call was placed from telephone number 609.816.9334 and was made in an attempt to collect the Debt.

50.     On or about July 24, 2013, at approximately 3:54 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

51.     The immediately-aforementioned call was placed from telephone number 609.816.9334 and was made in an attempt to collect the Debt.

52.     On or about July 25, 2013, at approximately 11:44 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

53.     The immediately-aforementioned call was placed from telephone number 951.653.2340 and was made in an attempt to collect the Debt.

54.     On or about July 25, 2013, at approximately 3:40 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

55.     The immediately-aforementioned call was placed from telephone number 940.380.2904 and was made in an attempt to collect the Debt.

56.     On or about July 25, 2013, at approximately 4:02 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

57.     The immediately-aforementioned call was placed from telephone number 571.223.5694 and was made in an attempt to collect the Debt.

58.     On or about July 26, 2013, at approximately 12:01 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

59.     The immediately-aforementioned call was placed from telephone number 704.247.9090 and was made in an attempt to collect the Debt.

60.     On or about July 26, 2013, at approximately 12:04 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

61.     The immediately-aforementioned call was placed from telephone number 937.684.8160 and was made in an attempt to collect the Debt.

62.     During the above-referenced call, Defendant's employee or representative requested payment from a "Mr. Ali."  Plaintiff advised Defendant's employee or representative that he was not the person Defendant was attempting to contact and that no one by that name was affiliated with Plaintiff or his Cellular Telephone.

63.     On or about July 27, 2013, at approximately 12:56 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

64.     The immediately-aforementioned call was placed from telephone number 609.816.9334 and was made in an attempt to collect the Debt.

65.     On or about July 27, 2013, at approximately 1:39 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

66.     The immediately-aforementioned call was placed from telephone number 609.816.9334 and was made in an attempt to collect the Debt.

67.     On or about July 27, 2013, at approximately 1:41 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

68.     The immediately-aforementioned call was placed from telephone number 609.816.9334 and was made in an attempt to collect the Debt.

69.     On or about July 28, 2013, at approximately 1:50 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

70.     The immediately-aforementioned call was placed from telephone number 609.816.9334 and was made in an attempt to collect the Debt.

71.     On or about July 30, 2013, at approximately 1:06 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

72.     The immediately-aforementioned call was placed from telephone number 310.672.6002 and was made in an attempt to collect the Debt.

73.     On or about July 30, 2013, at approximately 6:29 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

74.     The immediately-aforementioned call was placed from telephone number 310.672.6002 and was made in an attempt to collect the Debt.

75.     On or about August 5, 2013, at approximately 11:21 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

76.     The immediately-aforementioned call was placed from telephone number 972.497.1400 and was made in an attempt to collect the Debt.

77.     On or about August 5, 2013, at approximately 11:27 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

78.     The immediately-aforementioned call was placed from telephone number 972.497.1400 and was made in an attempt to collect the Debt.

79.     On or about August 5, 2013, at approximately 11:33 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

80.     The immediately-aforementioned call was placed from telephone number 972.497.1400 and was made in an attempt to collect the Debt.

81.     On or about August 5, 2013, at approximately 11:34 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

82.     The immediately-aforementioned call was placed from telephone number 972.497.1400 and was made in an attempt to collect the Debt.

83.     On or about August 5, 2013, at approximately 12:41 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

84.     The immediately-aforementioned call was placed from telephone number 410.774.0350 and was made in an attempt to collect the Debt.

85.     On or about August 5, 2013, at approximately 2:57 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

86.     The immediately-aforementioned call was placed from telephone number 727.327.1371 and was made in an attempt to collect the Debt.

87.     On or about August 6, 2013, at approximately 9:39 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

88.     The immediately-aforementioned call was placed from telephone number 727.327.0931 and was made in an attempt to collect the Debt.

89.     On or about August 8, 2013, at approximately 10:59 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

90.     The immediately-aforementioned call was placed from telephone number 770.308.0238 and was made in an attempt to collect the Debt.

91.     On or about August 9, 2013, at approximately 10:22 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

92.     The immediately-aforementioned call was placed from telephone number 310.672.6002 and was made in an attempt to collect the Debt.

93.     On or about August 9, 2013, at approximately 10:25 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

94.     The immediately-aforementioned call was placed from telephone number 310.672.6002 and was made in an attempt to collect the Debt.

95.     On or about August 9, 2013, at approximately 1:36 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

96.     The immediately-aforementioned call was placed from telephone number 727.327.0937 and was made in an attempt to collect the Debt.

97.     On or about August 9, 2013, at approximately 7:27 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

98.     The immediately-aforementioned call was placed from telephone number 770.308.0238 and was made in an attempt to collect the Debt.

99.     On or about August 9, 2013, at approximately 7:29 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

100.    The immediately-aforementioned call was placed from telephone number 770.308.0238 and was made in an attempt to collect the Debt.

101.    During the above-referenced call, Defendant's employee or representative "Sidney" again requested payment from "Mr. Ali."   Plaintiff again advised Defendant's employee or representative that he was not the person requested, again advised that no one by that name was affiliated with Plaintiff or his Cellular Telephone, and Plaintiff requested that Defendant remove Plaintiff's Cellular Telephone from Defendant's system.

102.    On or about August 10, 2013, at approximately 11:27 a.m. EST, Defendant called

Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

103.    The immediately-aforementioned call was placed from telephone number 817.478.2422 and was made in an attempt to collect the Debt.

104.    On or about August 22, 2013, at approximately 4:44 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

105.    The immediately-aforementioned call was placed from telephone number 317.284.8922 and was made in an attempt to collect the Debt.

106.    On or about August 27, 2013, at approximately 11:34 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

107.    The immediately-aforementioned call was placed from telephone number 813.259.0500 and was made in an attempt to collect the Debt.

108.    On or about August 28, 2013, at approximately 5:32 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

109.    The immediately-aforementioned call was placed from telephone number 813.684.5242 and was made in an attempt to collect the Debt.

110.    On or about August 28, 2013, at approximately 6:18 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

111.    The immediately-aforementioned call was placed from telephone number 813.966.6972 and was made in an attempt to collect the Debt.

112.    During the above-referenced call, Defendant's employee or representative again requested payment from "Mr. Ali."   Plaintiff again advised Defendant's employee or representative he was not the person requested, again advised that no one by that name was affiliated with Plaintiff or his Cellular Telephone, and again requested that Defendant remove Plaintiff's Cellular Telephone from Defendant's system.

113.     On or about August 29, 2013, at approximately 3:38 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

114.     The immediately-aforementioned call was placed from telephone number 800.223.1172 and was made in an attempt to collect the Debt.

115.     During the above-referenced call, Defendant's employee or representative again requested payment from "Mr. Ali."   Plaintiff again advised Defendant's employee or representative that he was not the person requested, again advised that no one by that name was affiliated with Plaintiff or his Cellular Telephone, and again requested that Defendant remove Plaintiff's Cellular Telephone from Defendant's system.

116.     On or about August 29, 2013, at approximately 6:10 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

117.     The immediately-aforementioned call was placed from telephone number 317.284.8922 and was made in an attempt to collect the Debt.

118.     During the above-referenced call, Defendant's employee or representative again requested payment from "Mr. Ali."   Plaintiff again advised Defendant's employee or representative that he was not the person requested, again advised that no one by that name was affiliated with Plaintiff or his Cellular Telephone, and again requested that Defendant remove Plaintiff's Cellular Telephone from Defendant's system.

119.     On or about August 29, 2013, at approximately 7:00 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

120.     The immediately-aforementioned call was placed from telephone number 480.296.0242 and was made in an attempt to collect the Debt.

121.     During the above-referenced call, Defendant's employee or representative again requested payment from "Mr. Ali."   Plaintiff again advised Defendant's employee or

representative that he was not the person requested, again advised that no one by that name was affiliated with Plaintiff or his Cellular Telephone, and again requested that Defendant remove Plaintiff's Cellular Telephone from Defendant's system.

122.   On or about August 29, 2013, at approximately 7:03 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

123.   The immediately-aforementioned call was placed from telephone number 800.223.1172 and was made in an attempt to collect the Debt.

124.   During the above-referenced call, Defendant's employee or representative again requested payment from "Mr. Ali."   Plaintiff again advised Defendant's employee or representative that he was not the person requested, again advised that no one by that name was affiliated with Plaintiff or his Cellular Telephone, and again requested that Defendant remove Plaintiff's Cellular Telephone from Defendant's system.

125.   On or about August 29, 2013, at approximately 7:33 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

126.   The immediately-aforementioned call was placed from telephone number 317.644.0683 and was made in an attempt to collect the Debt.

127.   On or about August 29, 2013, at approximately 7:38 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

128.   The immediately-aforementioned call was placed from telephone number 859.497.2700 and was made in an attempt to collect the Debt.

129.   On or about August 29, 2013, at approximately 7:40 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

130.   The immediately-aforementioned call was placed from telephone number 860.516.4200 and was made in an attempt to collect the Debt.

13

131.    On or about August 29, 2013, at approximately 7:41 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

132.    The immediately-aforementioned call was placed from telephone number 860.516.4200 and was made in an attempt to collect the Debt.

133.    On or about September 28, 2013, at approximately 2:13 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

134.    The immediately-aforementioned call was placed from telephone number 888.745.2315 and was made in an attempt to collect the Debt.

135.    During the above-referenced call, Defendant's employee or representative again requested payment from "Mr. Ali."   Plaintiff again advised Defendant's employee or representative that he was not the person requested, again advised that no one by that name was affiliated with Plaintiff or his Cellular Telephone, and again requested that Defendant remove Plaintiff's Cellular Telephone from Defendant's system.

136.    On or about September 28, 2013, at approximately 5:32 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

137.    The immediately-aforementioned call was placed from telephone number 813.684.5242 and was made in an attempt to collect the Debt.

138.    On or about September 28, 2013, at approximately 6:18 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

139.    The immediately-aforementioned call was placed from telephone number 813.966.6972 and was made in an attempt to collect the Debt.

140.    On or about September 28, 2013, at approximately 8:19 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

141.    The immediately-aforementioned call was placed from telephone number

888.745.2315 and was made in an attempt to collect the Debt.

142.    During the above-referenced call, Defendant's employee or representative again requested payment from "Mr. Ali."    Plaintiff again advised Defendant's employee or representative that he was not the person requested, again advised that no one by that name was affiliated with Plaintiff or his Cellular Telephone, and again requested that Defendant remove Plaintiff's Cellular Telephone from Defendant's system.

143.    On or about September 28, 2013, at approximately 8:50 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

144.    The immediately-aforementioned call was placed from telephone number 888.745.2315 and was made in an attempt to collect the Debt.

145.    During the above-referenced call, Defendant's employee or representative again requested payment from "Mr. Ali."    Plaintiff again advised Defendant's employee or representative that he was not the person requested, again advised that no one by that name was affiliated with Plaintiff or his Cellular Telephone, and again requested that Defendant remove Plaintiff's Cellular Telephone from Defendant's system.

146.    On or about September 29, 2013, at approximately 2:13 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

147.    The immediately-aforementioned call was placed from telephone number 888.745.2315 and was made in an attempt to collect the Debt.

148.    During the above-referenced call, Defendant's employee or representative again requested payment from "Mr. Ali."    Plaintiff again advised Defendant's employee or representative that he was not the person requested, again advised that no one by that name was affiliated with Plaintiff or his Cellular Telephone, and again requested that Defendant remove Plaintiff's Cellular Telephone from Defendant's system.

149.    Plaintiff has not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Debt collection calls, to record the specifics (as done above) on each and every call made to Plaintiff. Plaintiff asserts, however, that the above-referenced calls are but a sub-set of the calls made in violation of the FCCPA and TCPA. Further, Defendant is in the best position to determine and ascertain the number and methodology of calls made to Plaintiff.

150.    Plaintiff has retained Leavengood, Dauval, Boyle & Meyer, P.A., (hereinafter, "Undersigned Counsel") for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

151.    As a direct result of Defendant's actions, Plaintiff has suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, confusion and loss of sleep, believing that Plaintiff's dispute of the Debt was wholly ineffective, and that the frequent, repeated debt collection attempts would simply have to be endured.

152.    Defendant's conduct, namely the repeated calls to Plaintiff, despite Plaintiff repeatedly advising Defendant and its representatives that it had the wrong person and requesting that the calls cease, led Plaintiff to believe that Plaintiff would have to pay the alleged Debt or continue to endure the harassment and invasion of his privacy.

153.    Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, plus actual damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

154.    United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using any ATDS, PTDS, or APV to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

155.    Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using any ATDS, PTDS, or APV to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

156.    At all times herein, it would have been possible for Defendant to avoid violating the terms of the TCPA.

157.    Upon information and belief, based upon the aforementioned allegations, Plaintiff believes that Defendant's telephone calls made to Plaintiff's Cellular Telephone using an ATDS, PTDS, or APV were made in willful and knowing violation of the TCPA.

158.    Plaintiff is under such belief because during several of the aforementioned calls, upon answering, Plaintiff would hear a short period of silence, a click, and then and only then would hear a person respond to or talk with Plaintiff.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)

Plaintiff re-alleges paragraphs one (1) through one hundred fifty-eight (158) as if fully restated herein and further states as follows:

159.    Defendant is subject to, and has violated provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

160.    At all material times herein, Plaintiff neither owed the Debt to Defendant, nor did Defendant possess Plaintiff's prior express consent to call his Cellular Telephone using an ATDS, a PTDS, or an APV.

161.    Further, Plaintiff repeatedly advised Defendant that he was not the party Defendant was attempting to contact, repeatedly advised that no such person was related to Plaintiff or his Cellular Telephone number, and repeatedly requested Defendant remove Plaintiff's Cellular Telephone number from Defendant's system.

162.    Despite having the above-referenced knowledge and repeated advisement from Plaintiff, Defendant placed *at least* fifty-nine (59) telephone calls to Plaintiff's Cellular Telephone in an attempt to collect the Debt.

163.    Defendant's conduct could have no purpose other than to abuse and harass Plaintiff into paying the Debt, as Plaintiff repeatedly advised Defendant he was not the party Defendant was looking for and thus not liable for the Debt.

164.    As such, Defendant has violated Florida Statutes, Section 559.72(7) by attempting to collect the Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

165.    Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes Section 559.72(7).

166.    As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**<u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)</u>**

Plaintiff re-alleges paragraphs one (1) through one hundred fifty-eight (158) as if fully restated herein and further states as follows:

167.    Defendant is subject to, and has violated provisions of, Florida Statutes, Section 559.72(9) by attempting to collect the Debt with knowledge that the Debt is not

18

legitimate or by asserting the existence of some legal right when Defendant knows that the right does not exist.

168.    At no time herein did Plaintiff owe the Debt to Defendant.

169.    Additionally, Plaintiff advised Defendant that the third party Defendant requested to speak with—Mr. Ali—was not Plaintiff, was not related with Plaintiff, and was not connected with Plaintiff's Cellular Telephone in any way.

170.    Despite never having the requisite consent and having been so advised and possessing the above-referenced knowledge, Defendant placed *at least* fifty-nine (59) calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

171.    Defendant's actions constitute the knowing assertion of a right that does not exist as Defendant had no legal right to communicate with Plaintiff via his Cellular Telephone using an ATDS, a PTDS, or an APV.

172.    Further, Defendant attempted to collect the Debt from Plaintiff with knowledge that the Debt was not legitimate (i.e., not Plaintiff's obligation) and as such, Defendant tried to collect an illegitimate debt from Plaintiff.

173.    As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT THREE:
## TELEPHONE CONSUMER PROTECTION ACT-
## <u>VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)</u>

Plaintiff re-alleges paragraphs one (1) through one hundred fifty-eight (158) as if fully restated herein and further states as follows:

174.    Defendant is subject to, and has violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an ATDS, a PTDS, or an APV to call a telephone number

assigned to a cellular telephone service (i.e., Plaintiff's Cellular Telephone) without Plaintiff's prior express consent.

175.    At no time herein did Defendant have Plaintiff's prior express consent to call Plaintiff on his Cellular Telephone using an ATDS, a PTDS, or an APV.

176.    Further, Plaintiff has no relationship, contractual or otherwise, with Defendant with which Defendant could obtain Plaintiff's prior express consent.

177.    Furthermore, any such consent was repeatedly revoked by Plaintiff when he advised Defendant that he was not the party Defendant was attempting to collect from, when Plaintiff advised that no one by that name was affiliated with Plaintiff or his Cellular Telephone, and when Plaintiff repeatedly requested Defendant remove Plaintiff's Cellular Telephone number from Defendant's system.

178.    Despite lacking Plaintiff's prior express consent to call his Cellular Telephone, Defendant placed *at least* fifty-nine (59) telephone calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

179.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered:

      a.    The periodic loss of his Cellular Telephone service;

      b.    Lost material costs associated with the use of peak time Cellular Telephone minutes allotted under his Cellular Telephone service contract.

      c.    The expenditure of costs and attorneys' fees associated with the prosecution of this matter, along with other damages which have been lost;

      d.    Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

      e.    Statutory damages.

**COUNT FOUR:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**WILLFUL VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Plaintiff re-alleges paragraphs one (1) through one hundred fifty-eight (158), as if fully restated herein and further states as follows:

180.   The conduct of the Defendant, complained of herein, is the result of a repeated willful and knowing violation of the TCPA.

181.   At no time herein did Defendant have Plaintiff's prior express consent to call Plaintiff on his Cellular Telephone using an ATDS, a PTDS, or an APV.

182.   Further, Plaintiff has no relationship, contractual or otherwise, with Defendant with which Defendant could obtain Plaintiff's prior express consent.

183.   Despite lacking Plaintiff's prior express consent, Defendant placed *at least* fifty-nine (59) calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.  Defendant placed *at least* thirty-eight (38) of said telephone calls after Plaintiff provided Defendant with his name, and advised he was not the party Defendant was looking for.

184.   As such, Defendant's calls constitute numerous willful and knowing violations of the TCPA.

185.   Defendant also knows that it does not, and has not, reached out to Plaintiff to independently obtain his prior express consent—oral, written or otherwise—to attempt to collect the illegitimate Debt by calling Plaintiff's Cellular Telephone using an ATDS, a PTDS and/or an APV.

186.   Defendant is fully aware of the TCPA and its restrictions and, as such, Defendant's calls constitute knowing and/or willful violations of the TCPA.

187.   As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble statutory damages, up to $1,500.00, for each and every

violation pursuant to 47 United States Code, Section 227(b)(3)(B) and 47 United States Code, Section 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendant's conduct, Plaintiff respectfully requests against Defendant an entry of:

      a.      Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

      b.      Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone calls that violated the TCPA;

      c.      Judgment against Defendant for treble damages in the amount of $1,500.00 for each of Defendant's telephone calls knowingly and willfully made in violation of the TCPA.

      d.      Judgment against Defendant for actual damages suffered by Plaintiff, in an amount to be determined at trial;

      e.      An award of attorneys' fees and costs; and

      f.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

Respectfully submitted,

**LEAVENLAW**

/s/ *Aaron M. Swift*
**Ian R. Leavengood, Esq., FBN 0010167**
**Aaron M. Swift, Esq., FBN 0093088**
**G. Tyler Bannon, Esq., FBN 0105718**
**Greg H. Lercher, Esq., FBN 0106991**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
tbannon@leavenlaw.com
glercher@leavenlaw.com
*Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA            )
                            )
COUNTY OF __PINELLAS__      )

Plaintiff Michael Moiczek, having first been duly sworn and upon oath, deposes and says as follows:

1.  I am a Plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6.  Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
Michael Moiczek

Subscribed and sworn to before me __CWL__
this __9th__ day of __January__ 201**5**

_____
Notary Public

My Commission Expires: __09/16/2018__

Proof of I.D.: __FL ID CARD   M220-557-68-222-0__
                          exp. 06/22/2018

Christopher Elsen
State of Florida
My Commission Expires 09/16/2018
Commission No. FF 160327

24